Tommy EWING, (Plaintiff)
Appellant/Cross–Respondent,

v.

ST. LOUIS SOUTHWESTERN RAILWAY
COMPANY, a corporation, (Defendant)
Respondent/Cross–Appellant.

Nos. 54484, 54485.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 2, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court denied May 31, 1989.

Application to Transfer Denied
Aug. 1, 1989.

John P. Kujawski, Belleville, Ill., for
(plaintiff) appellant/cross-respondent.

John B. Gunn, Belleville, Ill., for (defendant) respondent/cross-appellant.

SMITH, Presiding Judge.

This case reaches us on consolidated appeals by both parties. Plaintiff appeals from the trial court order granting defendant's motion for judgment notwithstanding the verdict and alternatively conditionally granting a new trial on the basis that the verdict was excessive. Defendant appeals from the trial court's failure to grant a new trial on additional grounds. We affirm the trial court's order granting judgment notwithstanding the verdict.

The action was brought under the Federal Employers' Liability Act (FELA). Plaintiff is a traveling mechanic for defendant employed in Arkansas. His job encompasses servicing equipment of the defendant in the field. He is supplied with a truck hav-

ing a boom and he furnishes his own tools. On the date of his injury he was dispatched to replace a clutch in a company gang truck. The truck was located on a parking lot next to defendant's depot and the parking lot was part of the railroad's property. The parking lot was surfaced with ballast giving it a rocky surface. Plaintiff utilized cardboard to protect himself from the rocky surface, but rocks would still make it uncomfortable for plaintiff when he was lying on the ground under the truck. Replacing a clutch on a truck is a usual part of the job of a traveling mechanic and plaintiff had performed that task on prior occasions. It is also not unusual for such repairs to be made on less than ideal surfaces similar to that involved here.

When plaintiff arrived at the scene, he attempted to locate members of the right-of-way maintenance gang to assist him but the gang was apparently out of range of plaintiff's radio. Plaintiff proceeded to do the job by himself. The job is one frequently performed by a single mechanic but some mechanics prefer having a helper. That determination is up to the mechanic. In order to perform the repair it is necessary to remove the transmission of the truck in order to reach the clutch. Plaintiff used the boom to remove the transmission and replaced the clutch, all without incident. It was then necessary for him to replace the transmission and bolt it into position. To replace the transmission plaintiff had to physically push it into position while lying on the ground under the truck. This he also accomplished without any indication of injury. Plaintiff replaced the bolts and as he was aggressively tightening the final bolt his wrench slipped causing his left elbow to strike the ground forcefully. He felt immediate severe pain in his elbow and shortly thereafter, while still under the truck, began to experience pain in his lower back and legs. He completed the job and then returned to his home base and reported the incident. He did not know what caused the wrench to slip but wrenches do from time to time slip for various reasons while being utilized by experienced mechanics such as plaintiff.

Plaintiff obtained medical treatment for his elbow and back. He had broken his elbow several years earlier and the major treatment to the elbow was to repair damage from that prior break which treatment would have been necessary eventually regardless of the injury incurred while changing the clutch. Medical testimony established that he has a bulging disc in his lower back which his medical experts attributed to the accident. His experts were unable to make a prognosis of the level of difficulty he might experience in the future from the bulging disc other than that he would on occasions have pain. He lost $12,000 in wages from the accident. There was no evidence of any other special damages. He is presently employed in the same job. He has sufficient seniority that if he desired to work as a mechanic in defendant's shop in Pine Bluff he could do so, but for personal reasons he prefers to continue as a traveling mechanic. The jury assessed plaintiff's damages at $512,000 and attributed 30% of the fault to plaintiff for a total award to plaintiff of $358,400.

■ In *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) the Supreme Court set forth the scope of appellate review in FELA cases as follows:

"Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death." 77 S.Ct. 443 at [6–8].

Nevertheless, an employee's case, to be submissible under FELA must include all the same elements as are found in a com-

mon-law negligence action. *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (8th Cir.1976) [1–3]. That includes causation although, as *Rogers* indicates, in FELA the causation requirement is modified so that if the railroad's negligence is the slightest cause of the injury liability is established. There must therefore be evidence to connect the injury to some negligent conduct of the defendant.

■ Plaintiff contends here that the railroad failed to provide plaintiff with a safe place to work and a reasonably safe method to do the work. He hypothesizes several possibilities of things the defendant could and should have done to make the job safer, i.e., bring the truck to the Pine Bluff shop 100 miles away to make the repair, not require the work to be performed on a rocky parking lot, provide additional help in doing the work, provide a transmission jack to spot the transmission. If for purposes of this case we assume *arguendo* that any or all of these items demonstrate negligence we are still left with no causative link, even the slightest, to the injury plaintiff sustained.

■ Plaintiff testified that he had no problems with his back until after the wrench slipped. There was no medical testimony that the back injury had its orgin prior to the wrench slipping. The elbow injury clearly occurred solely because the wrench slipped. In the history given to one doctor plaintiff stated that "he was working under a truck when a wrench slipped and he struck his left elbow against the ground. He was changing the transmission in a truck, and working in an awkward position and lifting. He believes he injured his back at the same time." The doctor testified that *"that activity* as he provided the history of" could have aggravated the normal degenerative changes in plaintiff's back. Which activity the doctor was referring to was not established nor did the doctor state that plaintiff's back condition was in fact caused by any activity prior to the wrench incident. At the time the wrench slipped, plaintiff was not lifting the transmission, he was pulling on the wrench with his back raised from the ground in order to obtain the torque he desired. A second doctor was given a hypothetical question "whether or not these conditions were caused by the incident when he was working under the transmission when he was pushing against the transmission and when he was pulling on the wrench and his elbow slipped...." The doctor responded "that the incident that I described to you when he was under the truck did cause the muscle damage, the ligament damage, the nerve damage, and the bulging disk. It also caused the elbow problem, but again that's not what I'm treating." The incident which admittedly caused the elbow injury was the wrench slipping. The doctor did state later that lying in an awkward position and pushing a transmission can cause a herniated disk and muscle damage depending on the exertion involved. He did not testify that such activity caused plaintiff's back problems. Assurance of possibilities of causation is not, of itself, sufficient to make a submissible case upon the issue of cause and effect. *Kimmie v. Terminal R.R. Ass'n. of St. Louis*, 334 Mo. 596, 66 S.W.2d 561 (1933) [9–11].

■ The evidence did not establish any cause for the two injuries plaintiff sustained other than the wrench slipping. All of plaintiff's pain followed that occurrence, none preceded it.

Plaintiff did not know what caused the wrench to slip. He did give several possibilities, none of them involving negligence by the railroad. He did not attribute the slipping of the wrench to the position he was in, to the condition of the parking lot, or to the conditions under which he was working. The tightening of the bolts was in a space where only one person could work so additional help would not have affected the accident. He testified that the transmission was already placed and secured when the wrench slipped so a jack would have made no difference. He also testified that he would have been in the same position doing the same thing in the shop. It is the height of speculation to conclude that being in the shop would have made any difference.

Plaintiff suffered a job-related accident. Congress has chosen to impose liability for such accidents against the employer only when the injury is the result of some negligence on the employer's part. It has not chosen to utilize the approach taken by the states under workers' compensation statutes. *Rogers, supra.* 77 S.Ct. [11–16]. Plaintiff did not establish that his injury was the result of any negligence on defendant's part. The trial court correctly entered judgment notwithstanding the verdict. In view of this finding it is unnecessary for us to address the other issues raised.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.